UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | Case No. 19-15104 |
|---|---|
| Tarhonda Jones, | Chapter 13 |
| Debtor. | Honorable Timothy A. Barnes |

### NOTICE OF MOTION

TO:   See attached Service List

On July 11, 2019, at 9:30 AM, I shall appear before Bankruptcy Judge Timothy A. Barnes, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, IL 60604, or in his absence, before such other Bankruptcy Judge as may be presiding in his place and stead, and shall then and there present the attached Motion for *in rem* Relief from the Automatic Stay and Relief from the Co-Debtor Stay or in the Alternative Motion for Relief from the Automatic Stay and Co-Debtor Stay filed by Bank of America, N.A., at which time and place you may appear if you so see fit.

> FAIQ MIHLAR (#6274089)
> HEATHER M. GIANNINO (#6299848)
> AMANDA J. WIESE (#6320552)
> CHERYL CONSIDINE (#6242779)
> SEAN D. JORDAN (#6307449)
> PINJU CHIU (#6329542)
> HEAVNER, BEYERS & MIHLAR, LLC
> Attorneys at Law
> P.O. Box 740
> Decatur, IL 62525
> Email: bkdept@hsbattys.com
> Telephone: (217) 422-1719
> Facsimile: (217) 422-1754

STATE OF ILLINOIS
COUNTY OF MACON

I, Amanda J. Wiese, an attorney, being first duly sworn upon oath, depose and state I have served the above and foregoing Notice, together with all required papers, upon the above-named parties, as to the Trustee and Debtor's attorney via electronic notice on June 14, 2019, and as to the Debtor and Co-Debtor by placing same in an envelope addressed as shown above, and depositing same First Class Mail, postage prepaid in the United States mailbox at Decatur, Illinois 62523 this 14th day of June, 2019.

> */s/ Amanda J. Wiese*
> Amanda J. Wiese

# SERVICE LIST

**Service by Mail:**

Tarhonda Jones
18028 Greenview Ter
Country Club Hills, Illinois 60478

Maurice Jones
18028 Greenview Ter
Country Club Hills, Illinois 60478

**Service by Electronic Notice through ECF:**

Sarah A Lentes
The Semrad Law Firm, LLC
20 S Clark Street Suite 2800
Chicago, IL 60603

Marilyn O. Marshall
224 S. Michigan, Suite 800
Chicago, IL 60604

Patrick S. Layng
United States Trustee (Region 11)
219 S. Dearborn Street Room 873
Chicago, IL 60604

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 19-15104 |
| Tarhonda Jones, | Chapter 13 |
| Debtor. | Honorable Timothy A. Barnes |

**MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY (REAL PROPERTY)**

Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 1301, for an entry of an order for *in rem* relief from the automatic stay and relief from the Co-Debtor stay or in the alternative, an order for relief from the automatic stay and the Co-Debtor stay with respect to certain real property of the Debtor having an address of 18028 Greenview Ter, Country Club Hills, IL 60478 (the "Property").  The Required Statement is attached hereto as Exhibit "A", in accordance with Local Rule 4001-1.  In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on May 25, 2019.

2. A hearing to consider confirmation of the Chapter 13 Plan of the Debtor is scheduled for July 11, 2019.

3. The Debtor has executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $170,905.00 (the "Note").  A copy of the Note is attached hereto as Exhibit "B".  Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured

by the Property. Copies of the Mortgage and Loan Modification are attached hereto as Exhibit "C".

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of Mortgage, a copy of which is attached hereto as Exhibit "D".

6. As of the June 12, 2019, the outstanding amount of the Obligations is: $234,303.85.

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $1,050.00 in legal fees and $181.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The estimated market value of the Property is $125,000.00. The basis for such valuation is Debtor's Bankruptcy Petition Schedules.

9. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $234,303.85.

10. Cause exists for relief from the automatic stay and co-debtor stay for the following reasons:

A. Movant's interest in the Property is not adequately protected.

B. Pursuant to 11 U.S.C. §362(d)(2)(A), Debtor has no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

13. Pursuant to 11 U.S.C. §1301(c)(3), cause exists to grant Movant relief from the co-debtor stay as the Movant's interest would be irreparably harmed by the continuation of such stay.

14. Pursuant to 11 U.S.C. §362(d)(4) the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings.

A. On March 26, 2019, Movant instituted foreclosure proceedings against Tarhonda Jones, Debtor and Maurice Jones, Co-Debtor, as they were in default for failing to pay the monthly installment due November 1, 2016, and those monthly installments due and accruing thereafter.

B. Since the inception of the Note and Mortgage the Debtor and Maurice Jones, Co-Debtor have instituted the following SEVEN bankruptcy proceedings:

I. Bankruptcy case number 09-19130, a Chapter 13 case filed on May 27, 2009, by Tarhonda Jones, Debtor. On August 13, 2009, the case was dismissed on a Motion by the Trustee for failure to file required documents.

II. Bankruptcy case number 09-35811, a Chapter 13 case filed on September 27, 2009, by Tarhonda Jones, Debtor. On November 18, 2014, the case was discharged.

III. Bankruptcy case number 17-00776, a Chapter 7 case filed on January 11, 2017, by Maurice Jones and Tarhonda Waller-Jones, Debtors. Movant was granted relief from the automatic stay effective February 15, 2017. On April 11, 2017, the case was discharged.

IV. Bankruptcy case number 17-13082, a Chapter 13 case filed on April 26, 2017, by Maurice Jones, Debtor. Movant was granted relief from the automatic stay effective August 14, 2017. On November 6, 2017, the case was dismissed on a Motion by the Trustee for failure to make plan payments.

V. Bankruptcy case number 17-33696, a Chapter 13 case filed on November 10, 2017, by Maurice Jones, Debtor. On March 11, 2019, the case was dismissed on a Motion by the Trustee for failure to make plan payments.

    VI.  Bankruptcy case number 19-11749, a Chapter 13 case filed on April 24, 2019, by Maurice Jones, Debtor. On May 13, 2019, the Debtor's Motion to Extend the Automatic Stay was denied.

    VII.  The Debtor filed her 7th bankruptcy affecting the Property on May 25, 2019, the instant case.

  B.  Movant has been forced to cancel or postpone the foreclosure proceedings due to multiple bankruptcy filings.

  C.  There has been no change of circumstances which would justify a 7th bankruptcy filing.

  WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the automatic stay *in rem*, co-debtor stay and granting the following:

  1.  Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

  2.  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

  3.  The Co-Debtor Stay of Section 1301(a) is terminated, modified or annulled as to the Co-Debtor, on the same terms and conditions as to the Debtor.

  4.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

  5.  Relief from the stay is granted under 11 U.S.C. §362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two (2) years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

6. The order is binding and effective in any future bankruptcy case, no matter who the debtor may be upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

7. For such other relief as the Court deems proper.

                              Bank of America, N.A.,

                              By:       */s/ Amanda J. Wiese*
                                      Amanda J. Wiese
                                      One of its attorneys

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
CHERYL CONSIDINE (#6242779)
SEAN D. JORDAN (#6307449)
PINJU CHIU (#6329542)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754

**This advice pertains to your dealings with our firm as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must answer the motion. The advice in this notice also does affect our relations with the court. As attorneys, we may file papers in the suit according to the court's rules and the judge's instructions.**

## NOTICE PURSUANT TO THE FAIR DEBT COLLECTION

### PRACTICES ACT

### 15 U.S.C. Section 1601 as Amended

1. The amount of the debt is stated in the motion attached hereto.

2. The movant named in the attached motion is the creditor to whom the debt is owed or is the servicing agent for the creditor to whom the debt is owed.

3. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

4. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification.

5. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

6. Nothing in this notice should be construed as an agreement by the movant to extend or stay any time periods established by law with respect to the litigation, which is the subject of the attached motion.

7. Written requests should be addressed to Heavner, Beyers & Mihlar, LLC, 111 East Main Street, Decatur, IL 62523.

8. Please be advised that this is an attempt to collect a debt. Any information obtained will be used for that purpose.