UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:

Tarhonda Jones,

Debtor.

Case No. 19-15104

Chapter 13

Honorable Timothy A. Barnes

## AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the *in rem* Motion for Relief from Automatic Stay and Motion for Relief from Co-Debtor Stay filed on behalf of Bank of America, N.A., (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtor's and Co-Debtor, Maurice Jones, property commonly known as 18028 Greenview Ter, Country Club Hills, Illinois 60478 (hereinafter referred to as the "Property"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. The Debtor is still partially due for the August 1, 2019 payment in the amount of $0.88. The partial payment shall be paid by August 31, 2019.

2. The next regular monthly post-petition payment in the amount of $1,569.44 is due on or before September 1, 2019. The ongoing monthly post-petition mortgage payment may change due to changes in interest or escrow, if applicable.

3. If the Debtor fails to timely pay two or more (i) regular monthly payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; or (iii) payments for property insurance and/or general real estate taxes, then the Debtor shall be deemed to be in default. Upon Movant's notice of the default to the Debtor, Co-Debtor and the Debtor's attorney, the Debtor shall have fourteen (14) days from the date the Notice of Default is filed, to cure the default. If the default is not cured within fourteen (14) days from the date the Notice of Default is filed, the automatic stay and Co-Debtor Stay shall be terminated as to the Property upon Movant filing a Notice of Lifting with the Court. The filing of a Notice of Lifting shall have the legal effect of modifying the automatic stay *in rem* and Co-Debtor Stay without further order of the Court.

4. The Debtor may avail herself of the cure provision set forth in paragraph 3 above a total of two (2) times. In the event of a third (3rd) default, Movant may file a Notice of Lifting with the Court, and the automatic stay and Co-Debtor Stay will automatically modify *in rem* without further Order as Debtor will no longer have the right to cure thereunder.

5. The Proof of Claim submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee and filed with the Bankruptcy Court.

6. If the Debtor's Bankruptcy case is dismissed for any reason prior to discharge, upon the entry of such Order, the automatic stay and Co-Debtor Stay will automatically modify *in rem* without further Order and no right to cure will remain.

7. In the event that Heavner, Beyers & Mihlar, LLC should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

Bank of America, N.A.

/s/ Amanda J. Wiese
Amanda J. Wiese
one of its attorneys

DATED: 15 AUG 2019

Tarhonda Jones

_____  08/15/2019
Alexander Nohr, her attorney

ENTER:
_____
Bankruptcy Judge

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
CHERYL CONSIDINE (#6242779)
SEAN D. JORDAN (#6307449)
PINJU CHIU (#6329542)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754